UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GALO MARCELO ORELLANA SERRANO, <br><br> Petitioner, <br><br> v. <br><br> JOSEPH D. MCDONALD, JR., Facility Head of the Plymouth County Correctional Facility; ANDREW ACKLEY, Warden of FCI Berlin; PATRICIA HYDE, Acting Field Office Director; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SIRCE OWEN, Acting Director, Executive Office of Immigration Review; PAMELA BONDI, U.S. Attorney General; KRISTI L. NOEM, U.S. Secretary of Homeland Security, <br><br> Respondents. | Civil Action No. 1:25-cv-13395-IT |

MEMORANDUM & ORDER

November 26, 2025

TALWANI, D.J.

Petitioner Galo Marcelo Orellana Serrano is an Ecuadorian national residing in the United States since 2019. Pet. ¶ 1 [Doc. No. 1]; Resp'ts' Opp'n 4 [Doc. 6]. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on November 12, 2025. Pet. ¶ 1, 20 [Doc. No. 1]. Petitioner alleges, and Respondents do not contest, that, Petitioner is "currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts." Pet. ¶ 1 [Doc. No. 1]; Resp'ts' Opp'n 2 [Doc. No. 6].

On November 13, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that he "is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a)" and that "under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing[.]" Id. ¶¶ 28–29. "Petitioner requests such a bond hearing."

Id. ¶ 30. Petitioner alleges that Respondents' denial of either a bond or individualized hearing constitutes arbitrary and capricious agency action, in violation of the Administrative Procedure Act, and a denial of due process under the Fifth Amendment. Id. ¶ 3.

Respondents move to dismiss because, among other reasons, Petitioner named Joseph D. McDonald, Jr., the Sheriff of Plymouth County, Massachusetts, and Andrew Ackley, the Warden of the Federal Correctional Insitution in Berlin, New Hampshire, rather than Antone Moniz, the Superintendant of the Plymouth County Correctional Facility and Petitioner's immediate custodian. See Resp'ts' Opp. 2–3 [Doc. No. 6]. Respondents also move to dismiss on the basis that, while they agree that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing, he has declined to request such a hearing in immigration court, thereby failing to exhaust his administrative remedies. Id. at 6–8 [Doc. No. 6]. Petitioner did not file a reply, as permitted under the court's Order entered on November 13, 2025, upon the filing of the Petition. See Order Concerning Service of Pet. and Stay of Transfer or Removal ¶ 2 [Doc. No. 3].

Where, based on the papers presently before the court, Respondents do not dispute that Petitioner's detention is pursuant to 8 U.S.C. § 1226(a), and where Petitioner has not sought a bond hearing before the immigration court, the court agrees that Petitioner must exhaust his administrative remedies before requesting relief here. See McCarthy v. Madigan, 503 U.S. 140, 144 (1992). The court finds Petitioner's argument that the immigration court's decision to grant him a bond hearing is "predetermined" unavailing, given the undisputed applicability of 8 U.S.C. § 1226(a). Pet. ¶ 32 [Doc. No. 1]; see Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A 2025) (denying bond hearing where government alleged detainment pursuant to 8 U.S.C. § 1225).

On November 25, 2025, Petitioner filed a Notice Regarding Class-Wide Declaratory Relief and Request for Immediate Habeas Relief [Doc. No. 7] requesting that the court grant his

2

habeas petition forthwith or, in the alternative, immediately provide a § 1226(a) bond hearing, based on two orders entered in Maldonado Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). But although the Central District of California certified a class, that court did not order the relief Petitioner requests here. Instead, after appointing class counsel, the Central District of California directed the parties "to submit a Joint Status Report on January 9, 2026, which shall include how the parties will proceed with this matter." Notice, Ex. 2, at 15 [Doc. No. 7-2] (submitting as an exhibit the Order Granting Class Certification in Maldonado Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)). Accordingly, this court does not find that the Central District of California's Order Granting Class Certification dictates the proceedings here.

      The Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED with leave to amend. If, after requesting a bond hearing from an immigration judge, no hearing under § 1226(a) is granted within one week of such request, Orellana Serrano may file an Amended Petition. In that event, Petitioner should name his immediate custodian and detail the exhaustion of his administrative remedies, so as to avoid any future ambiguity.

      IT IS SO ORDERED.

November 26, 2025                                      /s/ Indira Talwani
                                                                                              United States District Judge